CUTTER & BUCK INC., a Washington corporation, Plaintiff—Appellant,

v.

GENESIS INSURANCE COMPANY, a Connecticut corporation, Defendant—Appellee.

No. 04–35218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 1, 2005.

Larry Steven Gangnes, Esq., Grant S. Degginger, Lane Powell, P.C., Seattle, WA, for Plaintiff–Appellant.

Daniel J. Standish, Esq., Cynthia T. Andreason, Esq., Wiley, Rein & Fielding, Nicholas P. Scarpelli, Jr., Esq., Washington, DC, Nicholas P. Scarpelli, Jr., Carney Badley Spellman, P.S., Seattle, WA, for Defendant–Appellee.

Before TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Cutter & Buck, Inc., appellant, appeals from the district court's determination on summary judgment that the rescission by Genesis, Inc., appellee, of its Directors' and Officers' insurance policies was valid because appellant had procured the policies through deliberate misrepresentations. We affirm.

A district court's grant of summary judgment is reviewed de novo. Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). Here the parties filed cross motions for summary judgment, and at oral argument, agreed that there were not any contested issues of material fact.

The parties agree that the interpretation of the contracts is a matter of Washington law. We have held that under Washington law, "insurance policies are construed as contracts, and interpretation of policies is a matter of law." *Nordstrom Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1429 (9th Cir.1995). We further noted that we "affirm a grant of summary judgment if there are no genuine issues of material fact and if the district court correctly applied the relevant substantive law." *Id.*

1. Since the parties are familiar with the facts, we will not recount them here. The critical issue in this case is the interpretation of a severability provision in the 2002–2003 Directors and Officers liability insurance contract. Appellant concedes that Steve Lowber, who was then its Chief Financial Officer, made material misrepresentations to appellee in procuring both the 2001–2002 policy and the 2002–2003 policy. Appellant argued that the severability provision in the 2002–2003 policy required that appellee cover all directors and officers who did not have personal knowledge of the material misrepresentations. Appellee argued, and the district court found, that material misrepresentations known to the director or officer who signed the application were imputed to innocent directors and officers.

 We agree that under Washington law, the district court was entitled to consider the extrinsic evidence proffered by appellant to aid in the interpretation of the contracts, and that the district court correctly determined that the proffered evidence did not show an objective manifestation of the parties' intent. *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 115 P.3d 262, 267 (2005) ("We take this opportunity to acknowledge that Washington continues to follow the objective manifestation theory of contracts. Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties.")

 We hold that the district court properly applied the applicable Washington law in interpreting the severability provision to provide that misrepresenta-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions in the application materials known to the officer signing the application were imputed to other directors and officers. Accordingly, as Lowber knew that there were misrepresentations in the application materials, appellee had a right to rescind.

2. Appellant's next argument is that appellee waived its right to rescind. Appellant points to a number of events following the August 1, 2002, conference calls and before appellee's rescission in December 2002. In particular, appellant argues that its August 12, 2002, press release alerted appellee to its right to rescind and accordingly appellee's August 14, 2002, letter confirming coverage constituted a waiver of its right to rescind.

■ We conclude that the district court properly determined that neither the August 14, 2002, letter nor the acceptance of the premium for the coverage, nor any other action on appellee's part prior to the December rescission constituted a waiver. *Saunders v. Lloyd's of London,* 113 Wash.2d 330, 339–40, 779 P.2d 249, 254 (1989) ("Waiver requires that the insurers voluntarily and intentionally relinquished a known right or that their conduct 'warrants an inference of the relinquishment of such right'.... *Voluntarily* implies a choice, a conscious decision to relinquish a right; conduct giving rise to a waiver argument cannot be consistent with any other interpretation than intent to waive.") (internal citation omitted). Although the August 12, 2002, press release alerted appellee to the fact that the questionable transactions were more serious than indicated in the August 1, 2002 conference calls, it did not inform appellee of Lowber's knowledge and involvement in the transactions. Under the severability provision, appellee had to provide coverage unless it had evidence that Lowber knowingly made misrepresentations in the application. As appellee did not receive such

information until shortly before it rescinded the policies, the district court properly concluded that none of appellee's prior actions constituted a voluntary and intentional relinquishment of a known right.

■ 3. Finally, we address appellant's objections to the district court's discovery order. We conclude that contrary to appellant's claim, the district court understood that under Washington law, the attorney-client privilege is a narrow one. Furthermore, appellant has failed to show any error or abuse of discretion in the district court's review of the discovery documents. The district court did not accept appellee's claims of attorney-client privilege. Instead, it examined the contested documents *in camera,* and found some to be privileged, redacted some, and released some either because they had been shared with others or did not involve legal advice. Although appellant has challenged these rulings, appellant has not taken adequate steps to preserve the record for appeal. Under these circumstances, we find no basis for setting aside the district court's evidentiary determinations.

As appellant has not shown either that there remain contested issues of material fact or that the district court failed to correctly apply Washington law, the district court's grant of summary judgment in favor of appellee is **AFFIRMED.**